UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES ELAM | ) | CASE No.  1:18CV2224 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| TIM BUCHANAN, Warden | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

On September 27, 2018, Petitioner Charles Elam ("Petitioner"), a state prisoner currently incarcerated in the Noble Correctional Institution in Caldwell, Ohio, filed a petition for writ of habeas corpus, pro se, pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. This matter is currently before the undersigned upon Respondent's motion to dismiss the petition because it is procedurally defaulted. ECF Dkt. #10. Respondent filed the instant motion on February 4, 2019. *Id.*

On February 25, 2019, Petitioner filed a motion for extension of time until April 5, 2019 to file a response, which the undersigned granted on February 26, 2019.  ECF Dkt. #11. On March 25, 2019, Petitioner filed another motion for extension of time until May 31, 2019 to file a response, which the undersigned granted on March 26, 2019.  ECF Dkt. #12. On May 21, 2019, Petitioner filed a "Declaration under Penalty of Perjury," which consisted of a general objection to Respondent's motion to dismiss and was notarized on May 15, 2019. ECF Dkt. #13. On June 4, 2019, Petitioner filed another motion for an extension of time until June 30, 2019 to file a response, which the undersigned granted. ECF Dkt. # 14.

On July 1, 2019, Petitioner filed an objection to Respondent's motion to dismiss. ECF Dkt. #16. Respondent filed a reply to Petitioner's objection to the motion to dismiss on July 3, 2019. ECF Dkt. #18.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On April 20, 2015, in the Cuyahoga County Court of Common Pleas, the bench convicted Petitioner of two counts of gross sexual imposition and one count of kidnapping with sexual motivation specification(s). ECF Dkt. #10-1 at 16, 19; *see* ECF Dkt. #10 at 9. He was found not guilty as to the sexual violent predator specifications charged in two counts of gross sexual imposition and not guilty for one count of gross sexual imposition with sexual violent predator specifications. ECF Dkt. #10-1 at 19; *see* ECF Dkt. #10 at 9-10. Petitioner was then sentenced to 15 years to life for the kidnapping with sexual motivation specification(s) and 18 months for one of the gross sexual imposition counts, to be served concurrent with the 15 years to life sentence. Petitioner's sentence also includes a five year mandatory post release control, and he was found to be a Tier III sex offender. ECF Dkt. #10-1 at 21.

Petitioner, through counsel, appealed his convictions with four assignments of error: (1) the State failed to present sufficient evidence to sustain a conviction against Petitioner; (2) Petitioner's convictions were against the manifest weight of evidence; (3) Petitioner was denied a fair trial by the witness' improper comments while testifying; and (4) Petitioner was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments of the U.S. Constitution. ECF Dkt. #10-1 at 104. On September 1, 2016, the Eighth District Court of Appeals reviewed the merits of Petitioner's appeal and affirmed his convictions. *Id.* at 23, 92-119.

Subsequently, Petitioner, pro se, executed a verified motion for delayed appeal to the Ohio Supreme Court on November 23, 2016, which has two stamps of being received, first on November 28, 2016 and second on February 8, 2017. ECF Dkt. #10-1 at 151-153. The motion was officially filed on February 8, 2017. *Id.* at 151. Petitioner also executed a notice of appeal to the Supreme Court of Ohio on December 5, 2016, which was received and filed on February 8, 2017. *Id.* at 120-122. On April 19, 2017, the Supreme Court of Ohio denied Petitioner's motion for a delayed appeal

-2-

and dismissed his cause of action. *Id.* at 186.

Meanwhile, on November 21, 2016, Petitioner, pro se, executed an application to re-open his appeal pursuant to Ohio App. R. 26(B), which was filed with the Eighth District Court of Appeals on November 29, 2016. ECF Dkt. #10-1 at 187-198. The state filed a response on May 8, 2017. *Id.* at 199-208. Petitioner then moved to strike the state's response as untimely. *Id.* at 210. On June 27, 2017, the Court of Appeals denied Petitioner's motion to strike the state's response and denied his application to reopen. *Id.* at 211-218.

Subsequently, Petitioner executed his notice of appeal and a motion for delayed appeal on September 11, 2017, both of which were filed on September 15, 2017. *Id.* at 219-225. On September 1, 2016, the Eighth District Court of Appeals overruled Petitioner's assignments of error and affirmed the trial court's judgment. *Id.* at 226-253.

On September 27, 2018, Petitioner filed the instant federal petition for writ of habeas corpus under 28 U.S.C. §2254 in this Court in the Northern District of Ohio. ECF Dkt. #1. Respondent filed the instant motion to dismiss the petition at hand on February 4, 2019 because it is procedurally defaulted. ECF Dkt. #10. On July 1, 2019, Petitioner filed an objection to Respondent's motion to dismiss. ECF Dkt. # 16. On July 3, 2019, Respondent filed a response to Petitioner's objection. ECF Dkt. #18.

## II.     RELEVANT LAW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*,

822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. §2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

### B.    Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4)

alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also McMeans*, 228 F.3d at 681 (citing *Franklin*, 811 F.2d at 325).

A petitioner will not be allowed to present claims never before presented in the state courts, unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.   Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v.Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735 (citing *Michigan v. Long*, 463 U.S. 1031, 1040-41 (1983)).

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1)   whether the petitioner failed to comply with an applicable state procedural rule;

(2)   whether the state courts actually enforced the state procedural sanction;

(3)     whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)     if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138. Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve  to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729-730 (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) ("[I]f a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review"); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). "[T]he existence of cause for a procedural default must ordinarily turn on whether

the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Hodges v. Colson*, 727 F.3d 517, 532 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). "Prejudice" means actual and substantial disadvantage that infected a petitioner's entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 170 (1982); *Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir. 1986). A "fundamental miscarriage of justice" can result when, for example, a petitioner "submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)).

The above standards apply to the Court's review of Petitioner's claims.

## III.    ANALYSIS

The primary issues to be addressed by the Court are whether Petitioner's direct appeal and his application to reopen are procedurally defaulted, leaving nothing for the Court to review in his habeas petition. *See* ECF Dkt. #10 at 15. The Sixth Circuit "has ruled that an application to reopen a direct appeal in Ohio under Rule 26(B) is a collateral attack to a defendant's conviction and is not part of a direct appeal," and as such, "the issues of procedural default on direct appeal are considered separately from issues of default on collateral attack." *Scuba v. Brigano*, 259 Fed.Appx. 713, 718-719 (6th Cir. 2007); Ohio App. R. 26(B). For the following reasons, the undersigned recommends that this Court grant Respondent's motion to dismiss the instant petition for writ of habeas corpus because Petitioner's grounds for relief are procedurally defaulted.

A.    **Direct Appeal**

The Supreme Court of Ohio Rules of Practice govern the first issue of whether Petitioner procedurally defaulted his direct appeal to the Supreme Court of Ohio. Petitioner's appeal to the Ohio Supreme Court qualifies as a jurisdictional appeal per S.Ct.Prac.R. 5.02(A)(2). As such, an appellant is required to file a notice of appeal within forty-five (45) days from the entry of the judgment being appealed. S.Ct.Prac.R. 7.01(A)(1)(a)(i).

Applying the *Maupin* test discussed earlier, the undersigned recommends this Court find that Petitioner did not procedurally default his direct appeal to the Ohio Supreme Court due to the fourth *Maupin* factor, but to not find this issue detrimental to Respondent's motion to dismiss, as will be discussed in detail later in this report. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The first factor is met because Petitioner failed to file his notice of appeal within the required time under S.Ct.Prac.R. 7.01(A)(1)(a)(i). ECF Dkt. # 10-1 at 120. Under the second factor, the Ohio Supreme Court actually enforced this rule and denied Petitioner's motion for delayed appeal and dismissed his appeal. *Id.* at 186.

Under the third *Maupin* factor, the Sixth Circuit clarified that the "determination of whether a state procedure–including a procedure governing the timing of appeals–is adequate requires an application of the *Maupin* factors to the specific state procedure invoked and to the operation of that procedure in practice." *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426 (6th Cir. 2006). The Sixth Circuit has already addressed the failure to timely file notice of appeal to the Ohio Supreme Court and has held that it is an adequate procedural ground to foreclose federal habeas review. *See Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004); *Smith*, 463 F.3d at 431-432; *see also Stone v. Moore*, 644 F.3d 342 (6th Cir. 2011) (applying *Maupin* test and finding petitioner's failure to timely file an Ohio Rule of Appellate Practice Rule 5(A) motion for delayed appeal constituted procedural default). Thus, the third *Maupin* factor is also met.

However, the undersigned recommends that this Court find that Petitioner has established "cause" and "prejudice" to excuse his procedural default on his direct appeal to the Ohio Supreme Court. Petitioner asserts that he failed to file a timely notice of appeal because neither his appellate counsel nor the clerk of courts for the Eighth District Court of Appeals sent him notice of the judgment that was filed on September 1, 2016. ECF Dkt. #10-1 at 152. Petitioner also stated that he "does not have friends or family available to assist him in gathering information concerning his appeal," and he has limited time to work on his appeal while incarcerated. *Id.* He asserts that he, therefore, has been denied Due Process. *Id.* at 153.

Petitioner raises the substantially same argument that was addressed by the Sixth Circuit in *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426 (6th Cir. 2006). In *Smith*, petitioner argued that his habeas corpus petition should not have been dismissed due to procedural default because his appellate counsel failed to provide him with timely notification of the Ohio Court of Appeals judgment so that he could timely appeal to the Ohio Supreme Court. *Id.* at 428. On the issue of "cause," the Sixth Circuit concluded that the failure of counsel to provide notice of the appellate court's decision was constitutionally deficient. *Id.* at 428, 432-35. The court held that the decision of whether to appeal is a "fundamental decision" and, as such, "counsel has a duty to inform the accused of the resolution of a proceeding in a timely fashion so that the accused retains his control over the decision to appeal." *Id.* at 434.

However, the *Smith* Court affirmed the dismissal of the habeas corpus petition because petitioner did not show that he was "prejudiced." *Id.* at 428, 435–36. The *Smith* court explained that prejudice is presumed if the petitioner (1) "alleges that his counsel's ineffective assistance led 'to the forfeiture of a proceeding itself' by denying him the opportunity to appeal and thus to the appeal proceeding itself" and (2) "demonstrate[s] that counsel's deficient performance 'actually caused the forfeiture of the [petitioner's] appeal.'" *Id.* at 435 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 483-84 (2000)). The Sixth Circuit stated that the presumption of prejudice would apply when "'there is

-9-

a reasonable probability that, but for counsel's deficient failure to' notify [petitioner] of the Ohio Court of Appeals decision, [petitioner] 'would have timely appealed' to the Ohio Supreme Court." *Id.* at 435. "Evidence that there were nonfrivolous grounds for appeal or that the [petitioner] in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* (citing *Roe*, 528 U.S. at 485).

> In assessing whether a [petitioner] 'would have timely appealed,' by considering whether the defendant 'promptly expressed a desire to appeal,' we apply a rebuttable presumption that if the period of time between when the [petitioner] learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal–here, forty-five days–the [petitioner] fails to demonstrate that he or she 'would have timely appealed' the decision but for the counsel's deficient failure to notify the defendant of the decision.

*Id.* Although the Ohio Supreme Court's forty-five day appeal time limit specifically refers to the petitioner filing a "notice of appeal," the *Smith* Court construed an expression of a "desire to appeal" as any "action to appeal" within the time frame. *Id.* at 435-36; *see* S.Ct.Prac.R. 7.01(A)(1)(a)(i).

In the instant case, the Eighth District Court of Appeals issued its decision on September 1, 2016. ECF Dkt. #10-1 at 92. A timely appeal would have occurred on or before October 16, 2016. However, Petitioner's notice of appeal to the Ohio Supreme Court was untimely because it was executed on December 5, 2016 and received and filed on February 8, 2017. *Id.* at 120-22 (execution date is considered the date on the certificate of service). Petitioner also executed a motion "for delayed appeal pursuant to S.Ct.Prac.R. 7.01(A)(4)(a)," on December 5, 2016 (date of certificate of service), which has two "received" stamps dated November 28, 2016 and February 8, 2017 and another "filed" stamp dated February 8, 2017. *Id.* at 151-53. In his motion, Petitioner stated that he was not informed of the judgment until November 14, 2016 and also noted his limited time and resources in prison to work on his appeal. *Id.* at 152-153. The Supreme Court of Ohio considered Petitioner's motion for a delayed appeal and ordered the motion denied and the cause dismissed. *Id.* at 186.

Considering the Sixth Circuit's analysis in *Smith*, the undersigned recommends that the Corut find in this case that Petitioner expressed his "desire to appeal" by executing both a motion for

delayed appeal and a notice of appeal within forty-five days of November 14, 2016, when he claimed to have first been notified of the appellate court's decision. ECF Dkt. #10-1 at 120-22, 151-54 (both have a certificate of service page dated December 5, 2016). With November 14, 2016 as the time for the forty-five day time period allotted by the Ohio Supreme Court for a timely appeal to start running, Petitioner had until December 29, 2016 to take an action to appeal in order to receive the presumption of prejudice. Since the time period between when Petitioner learned of the appellate decision and when he attempted to appeal it is was within this forty-five days, the undersigned recommends that the Court find that Petitioner has established the presumption of prejudice. His acts to appeal show that he would have timely appealed but for his counsel's deficient failure to notify him of the appellate decision. *Smith*, 463 F.3d at 435-36.

However, as will be discussed below, Petitioner filed a Rule 26(B) application to reopen with the Court of Appeals concerning the same grounds for relief that he alleges in the instant federal habeas corpus petition. The Court of Appeals considered the merits of his application and denied it. ECF Dkt. #10-1 at 211-17. Thus, despite his counsel's alleged deficient failure to notify Petitioner of the initial appellate court judgment, Petitioner nevertheless receives a second opportunity to present the grounds for relief that he now asserts in his instant federal habeas petition. Accordingly, the undersigned recommends that the Court base its procedural default determination primarily on Petitioner's Rule 26(B) application to reopen.

### B. Rule 26(B) Application to Reopen

Respondent next contends that Petitioner's application to reopen is procedurally defaulted because he failed to timely appeal the Court of Appeal's determination on this application to the Supreme Court of Ohio. ECF Dkt. #10 at 18.

On November 21, 2016, Petitioner executed an application for reopening pursuant to Ohio App.R. 26(B), which was filed on November 29, 2016. ECF Dkt. #10-1 at 187-98. His stated grounds for relief were a violation of his speedy trial rights and the ineffective assistance of his trial and appellate counsel. *Id.* Petitioner did not name his initial trial counsel in his motion, but instead

he stated that before subsequent trial counsel was appointed, "he was not represented by any other counsel." *Id.* at 192. Petitioner, citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), also raised the issue that his appellate counsel did not meet or consult with him about his appeal. *Id.* at 193-94. Notably, Petitioner did not argue that appellate counsel was deficient in failing to notify him of the appellate court judgment so that he could timely appeal to the Ohio Supreme Court. *Id.* The State filed a response on May 8, 2017. *Id.* at 199-209. On May 22, 2017, Petitioner filed a motion to strike the State's response due to untimeliness. *Id.* at 210. On June 27, 2017, the Court of Appeals denied Petitioner's motion to strike and denied his application to reopen on the merits. *Id.* at 211-18. The Court of Appeals focused its discussion almost exclusively on the speedy trial issue, only incidentally mentioning his counsel, likely because the focus of Petitioner's ineffective assistance of counsel claims were that his counsel did not raise the issue of speedy trial rights violations. *Id.* at 211-18.

On September 11, 2017, Petitioner executed a notice of appeal of the denial of his Rule 26(B) application and an accompanying motion for delayed appeal pursuant to S.Ct.Prac.R. 7.01(A)(4) to the Supreme Court of Ohio, both of which were filed on September 15, 2017. ECF Dkt. #10-1 at 219-25. Petitioner asserted that he had limited time and resources in the prison in order to work on his appeal as a pro se filer. *Id.* at 222-24. Specifically, Petitioner asserted that the time he had was "one hour," but he did not clarify if this time limit was daily, weekly, or otherwise. *Id.* at 222. The Supreme Court of Ohio denied Petitioner's motion and dismissed his case. *Id.* at 261.

In his objection to the motion to dismiss his instant §2254 federal habeas corpus petition, Petitioner argued his claims about the ineffective assistance of counsel and speedy trial rights violations, but he does not directly address the issue of procedural default. ECF Dkt. #16 at 2-4. Petitioner's only mention of procedural default is on the first page where he states that he "*did* exhaust his State remedies by affording each State Court the opportunity to address the merits of his claims." *Id.* at 1.

-12-

As an initial matter, Petitioner's fourth ground of relief is not a proper matter for the federal court to review. In his habeas corpus petition, Petitioner's first three grounds for relief concern ineffective assistance of counsel, while his fourth ground of relief alleges a violation of his right to a speedy trial. ECF Dkt. #1. The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *e.g.*, *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Federal courts reviewing habeas corpus petitions are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68; *see Rose v. Hodges*, 423 U.S. 19, 21 (1975). The Eighth District Court of Appeals considered the merits of Petitioner's speedy trial claim under Ohio law and found that it was meritless. ECF Dkt. 10-1 at 211-17 (citing R.C. §§ 2945.71(C)(2) & 2945.72). This state court interpretation is binding on the federal court on habeas review and is, therefore, not a proper matter before the Court.

The same *Maupin* test discussed earlier in this report applies to Petitioner's Rule 26(B) application to determine whether he procedurally defaulted on his remaining grounds for relief. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Ohio Rule of Appellate Procedure 26(B) states:

> A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

Ohio App. R. 26(B)(1).

The analysis for the first three *Maupin* factors is the same as the analysis for Petitioner's direct appeal because, again, Petitioner was late in appealing to the Ohio Supreme Court within the forty-five day deadline. 785 F.2d 135. Therefore, the issue turns on the fourth *Maupin* factor and whether Petitioner can establish cause and prejudice to excuse his procedural default.

-13-

The Sixth Circuit has held that a pro se petitioner did not establish cause to excuse his procedural default when he argued that:

> that he was unable to file a timely notice of appeal to the Ohio Supreme Court because he was forced to proceed pro se due to the "sudden, unexpected withdrawal of state appellate counsel," he was "not at all versed in the art of appellate legal practice and was not aware of the rules relating to the filing of a Notice of Appeal," he was unable to obtain a complete copy of his trial transcripts prior to the expiration of the 45–day period provided for timely appeals to the Ohio Supreme Court, the prison where he was incarcerated limited his legal research time to four hours per week, and he was unfamiliar with the English language.

*Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). *See, e.g., Howard v. Miller*, No. 5:14CV2710, 2016 WL 1055059, at *13 (N.D. Ohio Jan. 13, 2016) (Limbert, J.) (access to prison law library only 12 hours per week was insufficient to establish cause to excuse a procedural default (citing *Bonilla*, 370 F.3d at 498)), *report and recommendation adopted* 2016 WL 1047300 (N.D. Ohio Mar. 16, 2016); *Coleman v. Warden*, No. 3:16CV2332, 2018 WL 7078015, at *9 (N.D. Ohio Sept. 26, 2018) (no cause to excuse procedural default where it took about 3 weeks to get in the prison law library and where "petitioner had not shown any good reason why conducting legal research and obtaining library time was needed to simply file a timely notice of appeal in the Supreme Court of Ohio"), *report and recommendation adopted*, No. 3:16CV2332, 2019 WL 266320 (N.D. Ohio Jan. 18, 2019); *Hamrick v. Tibbals*, No. 5:13 CV 650, 2014 WL 7335189, at *3 (N.D. Ohio Dec. 19, 2014) (Polster, J.) ("Even if [petitioner] is correct in claiming that the prison's tier system made it difficult to access the law library, this is not a sufficient basis to establish 'cause' for failing to comply with a state procedural rule.").

Since Petitioner's only apparent argument addressing procedural default was that he had limited time and resources in the prison library, the undersigned recommends that this is insufficient grounds to establish cause. Without cause, the *Maupin* analysis leads the undersigned to recommend that the Court find that Petitioner procedurally defaulted on his 26(B) application to reopen.

## IV.    CONCLUSION AND RECOMMENDATION

Upon review of Respondent's motion to dismiss and the applicable law, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his ineffective assistance

of counsel grounds for relief and that the speedy trial violation ground for relief is not a proper matter before the Court. For the foregoing reasons, the undersigned recommends that this Court GRANT Respondent's motion to dismiss the instant petition. ECF Dkt. #10.


DATE: July 18, 2019                              /s/ George J. Limbert
                                                 George J. Limbert
                                                 United States Magistrate Judge



    ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objection within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).