# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CHARLES ELAM,** | ) Case No. 1:18-CV-2224 |
| | ) |
| Petitioner | ) Judge Dan Aaron Polster |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **WARDEN TIM BUCHANAN,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

This case is before the Court on the Report and Recommendation ("R & R") of Magistrate Judge George J. Limbert, Doc #: 21. The Magistrate Judge recommends that the Court grant Respondent Warden Tim Buchanan's Motion to Dismiss Petitioner Charles Elam's § 2254 Petition. On August 1, 2019, Elam filed a Motion for Reconsideration. Doc #: 22. The Court will treat Elam's Motion as timely-filed Objections to the R&R. The Court has carefully reviewed the R & R and Elam's Objections, and hereby **OVERRULES** Elam's Objections and **ADOPTS** the R & R in full. Elam's Petition is **DISMISSED WITH PREJUDICE**.

Elam is current incarcerated at the Noble Correctional Institution, having been found guilty of two counts of gross sexual imposition and one count of kidnapping with sexual motivation specifications. Elam filed his habeas corpus petition on September 27, 2018, asserting three grounds for relief regarding ineffective assistance of counsel and one ground for relief regarding a violation of his speedy trial rights. *See* Doc #: 1. Magistrate Judge Limbert concluded that Elam's claims are procedurally defaulted because he did not timely appeal the Court of Appeal's

denial of his application to reopen. R&R at 14. The Court has reviewed the record carefully and agrees with Magistrate Judge Limbert's conclusion.

In his Objections, Elam first asserts that "the Respondent is still being evasive in providing the complete record of the trial proceeding . . .." Obj. at 1. However, in his July 8, 2019 Order, Magistrate Judge Limbert confirmed that the transcripts sought by Elam have been filed. *See* Doc #: 20. Thus, the Court finds Elam's assertion that he has not been provided a complete record unavailing. For the remainder of his Objections, Elam merely recites arguments that, although mostly nonsensical, have already been considered by the magistrate judge.

The Federal Magistrates Act requires a district court to conduct a de novo review of those portions of the R & R to which an objection has been made. 28 U.S.C. § 636(b)(1). However, an Objection to an R & R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at *22, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted); *see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate . . . ."); *O'Brien v. Colvin*, No. CIV.A. 12-6690, 2014 WL 4632222, at *3, 2014 U.S. Dist. LEXIS 129179, at *7–8 (E.D. Pa. Sept. 16, 2014) (collecting cases); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to

the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). The Court need not afford de novo review to objections which merely rehash arguments presented to and considered by the magistrate judge. Because Elam's objections are simple recitations of his previous arguments, the Court finds Elam's Objections not well-taken.

Accordingly, the Court **OVERRULES** Petitioner's Objections, Doc #: 22, and **ADOPTS IN FULL** Magistrate Judge Limbert's Report and Recommendation, Doc #: 21. Respondent's Motion to Dismiss, Doc #: 10, **GRANTED**. The above-captioned case is hereby **DISMISSED AS FINAL**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     Aug. 21, 2019*
**Dan Aaron Polster**
**United States District Judge**